UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CRIMINAL ACTION NO. 2:18-CR-01435-1 |
| ARACELI LIZETTE GOMEZ | § § § § | |

### ORDER

Pending before the Court is Defendant Araceli Lizette Gomez's ("Gomez") letter Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c). The Court DENIES Gomez's Motion for her failure to exhaust all administrative remedies through the Bureau of Prisons and for the lack of extraordinary and compelling circumstances that may waive this exhaustion requirement.

### I. BACKGROUND

On January 31, 2019, Gomez pleaded guilty to conspiracy to transport undocumented aliens in violation of 21 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i). (D.E. 24). On April 10, 2019, Gomez was sentenced to 24 months of imprisonment and 2 years of supervised release. *Id.* Judgment became final fourteen days later on April 24, 2019. *See* Fed. R. App. P. 4(b) (amend. eff. Dec. 1, 2010).

On April 27, 2020, Gomez's letter motion requesting compassionate release due to COVID-19 was filed before the Court. (D.E. 26). She is presently incarcerated in the Federal Medical Center, Carswell in Fort Worth, Texas. *Id.*

### II. LEGAL STANDARD

18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights

1

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

### III. DISCUSSION

Gomez petitions the Court for immediate release due to the ongoing COVID-19 pandemic. (D.E. 26). She states that the pandemic has significantly affected the prison system and has infected numerous inmates in the Federal Medical Center, Carswell. *Id.*

The Court, however, finds that it lacks jurisdiction to review Gomez's request. Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Orellana*, No. 4:17-CR-0220, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020); *United States v. Licciardello*, No. 2:18-449, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020). Gomez has not initiated a review process with the BOP regarding her petition. She has not exhausted all her administrative rights such that this Court may review this request. The BOP has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Gomez's initial remedy is to therefore petition the BOP through proper administrative proceedings. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. To the extent Gomez seeks a sentence reduction, she should file a motion

pursuant to 18 U.S.C. § 3582(c) in this Court after first exhausting her administrative remedies. *Id.*

Courts around the country, including the Fifth Circuit, have noted that the exhaustion requirement can be waived during the ongoing COVID-19 pandemic due to extraordinary and compelling reasons such as the petitioner defendant's age, underlying health conditions, and family circumstances. *See, e.g., Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson, J. concurring); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020); *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020). For instance, in Florida, the District Court for the Southern District of Florida granted a motion for compassionate release for a 71-year old inmate who suffers from prostate cancer, type 2 diabetes mellitus, cardiovascular disease, and other numerous ailments despite the defendant not exhausting his administrative rights. *United States v. William Minor*, No. 18-cr-80152, Order Granting Compassionate Release (S.D. Fla. Apr. 17, 2020). Here, Gomez does not allege any physical ailment or disease that makes her more vulnerable to COVID-19. (D.E. 26). She only mentions that the pandemic has infected inmates in the prison system. *Id.* Gomez's Presentence Investigation Report also provides no information on her health conditions. (D.E. 21). Gomez is also only 24 years old, unlike the 71-year old Florida inmate. *See Minor*, No. 18-cr-80152, Order Granting Compassionate Release. Therefore, the Court does not find that Gomez's circumstances merit a waiver of the exhaustion requirement.

### IV. CONCLUSION

For the foregoing reasons above, the Court DENIES Gomez's letter Motion for Compassionate Release.

SIGNED and ORDERED this 29th day of April, 2020.

_____
Janis Graham Jack
Senior United States District Judge